**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DAL VAN NGUYEN,
            *Defendant-Appellant.*

No. 06-30011

D.C. No.
CR-05-00085-a-JMF

OPINION

Appeal from the United States District Court
for the District of Alaska
James M. Fitzgerald, District Judge, Presiding

Argued and Submitted
May 1, 2006—Seattle, Washington

Filed October 18, 2006

Before: Stephen Reinhardt, M. Margaret McKeown, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

17631

**COUNSEL**

Kevin F. McCoy, United States Assistant Federal Defender, Anchorage, Alaska, for the appellant.

Deborah M. Smith, Acting United States Attorney; Todd Mikolop, Special Assistant United States Attorney; Thomas C. Bradley (argued), Assistant United States Attorney, Anchorage, Alaska, for the appellee.

## OPINION

CLIFTON, Circuit Judge:

Defendant Dal Van Nguyen appeals his conviction under 8 U.S.C. § 1253(b) for willful failure to comply with terms of release under supervision. The term in question required that Nguyen not "commit any crimes." His conviction was based solely upon proof that he had previously been convicted of two Alaska state misdemeanors following pleas of *nolo contendere*. Nguyen argues on appeal that, because a *nolo contendere* plea is not an admission of guilt to the underlying crime, a conviction based on such a plea does not prove that he "commit[ted] any crimes." He further argues that his state convictions should not have been admitted into evidence in his trial on the federal charge. We agree and reverse the conviction.

## I.   Background

Nguyen, a citizen of Vietnam, lawfully immigrated to the United States in 1990, when he was a teenager. A decade later, he was convicted as an adult of a misdemeanor drug possession offense and ordered removed to Vietnam. Because the United States and Vietnam do not have a repatriation agreement, however, the Government has not been able to remove Nguyen. Consequently, the Bureau of Immigration and Customs Enforcement ("ICE") released Nguyen from immigration custody but imposed upon him an order of supervision, pursuant to 8 U.S.C. § 1231(a)(3). One of the conditions of this order states that Nguyen is to "not commit any crimes while on this Order of Supervision."

Two years later, in state court, Nguyen pleaded *nolo contendere* to, and was convicted of, two misdemeanors: criminal mischief in the fourth degree, in violation of Alaska Statutes § 11.46.484, and assault in the fourth degree, in violation of Alaska Statutes § 11.41.230(a)(3). Thereafter he was charged

with willful failure to comply with the terms of release under supervision, in violation of 8 U.S.C. § 1253(b), a criminal statute under the Immigration and Naturalization Act ("INA"). Nguyen was tried before a jury.

At trial, to prove that Nguyen violated his order of supervision by committing crimes, the Government presented as its only evidence certified copies of the two state court judgments of conviction resulting from the pleas of *nolo contendere*. Nguyen objected, arguing that the judgments were hearsay and were also inadmissible under Federal Rule of Evidence 410, which provides that pleas of *nolo contendere* are ordinarily not admissible into evidence. The district court overruled the objections and admitted the judgments, without explaining the basis for doing so. At the close of the Government's case, Nguyen moved for a judgment of acquittal, arguing that the misdemeanor *nolo contendere* convictions were legally insufficient to prove that he committed the underlying crimes, in willful violation of his order of supervision. The district court denied the motion. The jury found Nguyen guilty of violating 8 U.S.C. § 1253(b), and the district court sentenced him to one year in prison. Nguyen timely appealed.

## II. Discussion

This court reviews the district court's evidentiary determinations for an abuse of discretion. *See United States v. Beltran*, 165 F.3d 1266, 1269 (9th Cir. 1999). The district court abuses its discretion when its evidentiary rulings are based on "an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997). We review *de novo* the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. *See United States v. Lombera-Valdovinos*, 429 F.3d 927, 928 (9th Cir. 2005). Specifically, we review *de novo* the legal question of whether a misdemeanor conviction based on a *nolo contendere* plea is sufficient proof that the underlying

crime was committed. *See United States v. Poellnitz*, 372 F.3d 562, 565 (3d Cir. 2004).

A.   *The Proof Necessary to Sustain a Conviction under 8 U.S.C. § 1253(b)*

**[1]** The Government charged Nguyen with violating 8 U.S.C. § 1253(b), which states: "An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 1231(a)(3) of this title . . . shall be fined not more than $1,000 or imprisoned for not more than one year, or both." The "regulation or requirement" incorporated by reference was the ICE order of supervision, specifically the requirement that Nguyen "not commit any crimes." Thus, to convict Nguyen, the Government had to prove that he had committed one or more crimes. That is not quite the same as proving that he had been convicted on criminal charges. Even if Nguyen had not been previously convicted on the underlying state court charges, for instance, he could be convicted on the federal charge based upon proof that he had, in fact, actually committed the crimes of assault and criminal mischief.

**[2]** The Government's evidence consisted solely of the two certified judgments of conviction. The judgments were offered to provide the jury with a basis to infer that Nguyen actually committed the underlying crimes, in violation of his order of supervision. But the law does not support that inference. Each conviction resulted from a plea of *nolo contendere*, which is a special creature under the law. It is, first and foremost, not an admission of factual guilt. *See North Carolina v. Alford*, 400 U.S. 25, 36 (1970). It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty. *See also id.* at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting a crime."). The availability of the *nolo contendere* plea to the criminally accused reflects society's

"desire to encourage compromise resolution of criminal cases." *Olsen v. Correiro*, 189 F.3d 52, 60 (1st Cir. 1999). For these reasons, "the *nolo* plea does not bear the same indicia of reliability as a guilty plea when used as evidence of under-lying culpability." *Id.* at n.8 (citing Fed. R. Evid. 410 advisory committee notes, 1972 proposed rules). A conviction resulting from a *nolo contendere* plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime.

## B.   *Admissibility of the Evidence*

Our understanding of the inferences which may properly be drawn from *nolo contendere* convictions is supported by the limitations imposed on their admissibility under the Federal Rules of Evidence. Those judgments should not have been admitted into evidence in Nguyen's trial.

Our review of the evidentiary challenge is complicated by the fact that the district court admitted the judgments without explaining the evidentiary basis for doing so. We examine in turn each of the three grounds upon which the parties agree the district court could have attempted to justify admitting the evidence: Rules 410, 803(8), and 803(22). We conclude that the admission of the evidence under any of these rules was an abuse of discretion.

### 1.   *Federal Rule of Evidence 410*

**[3]** Rule 410 states, in relevant part: "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: . . . a plea of *nolo contendere* . . . ." The Government points out that the language of Rule 410 bars only the admission of "*nolo contendere* pleas," not the convictions resulting from them. The First Circuit has suggested, though, that the rule should prohibit the admission of the *nolo contendere* con-

viction if it "were offered for the purpose of demonstrating that the pleader is guilty of the crime pled to." *Olsen,* 189 F.3d at 60. In that situation, which is precisely the one presented here, "the *nolo* plea would in effect be used as an admission and the purposes of Rule 410 would be undermined." *Id*.

**[4]** We agree. Reading the rule to preclude admission of a *nolo contendere* plea but to permit admission of conviction based on that plea produces an illogical result. Rule 410's exclusion of a *nolo contendere* plea would be meaningless if all it took to prove that the defendant committed the crime charged was a certified copy of the inevitable judgment of conviction resulting from the plea. We hold that Rule 410 prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged.

### 2. *Federal Rule of Evidence 803(22)*

**[5]** Rule 803(22) provides an exception to the bar of the hearsay rule for certain criminal judgments of conviction, but that exception does not apply to Nguyen's two state convictions. That rule states: "Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of *nolo contendere*), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year [is admissible] to prove any fact essential to sustain the judgment . . . ." In short, Rule 803(22) allows judgments of felony convictions resulting from guilty pleas to be admitted into evidence but not convictions resulting from *nolo contendere* pleas and not misdemeanor convictions. According to the Advisory Committee Notes accompanying the rule, *nolo contendere* convictions are inadmissible "consistent with the treatment of *nolo* pleas in Rule 410," and misdemeanor convictions are inadmissible because "motivation to defend at this level is often minimal or nonexistent." The admission into evidence of Nguyen's misdemeanor *nolo contendere* convic-

tions failed on both scores and was inconsistent with Rule 803(22).

### 3.   *Federal Rule of Evidence 803(8)*

**[6]** The judgments of conviction could not properly have been admitted under Rule 803(8), either. That rule exempts from the hearsay rule public records and reports. That more general reference in Rule 803(8) cannot trump the more specific limitation on the admission of judgments of conviction. All judgments of conviction may be said to be public records, but the exemption under Rule 803(8) cannot be deemed to cover such judgments because it would make Rule 803(22) superfluous. *See United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005) (noting that evidence cannot be admitted under a general evidentiary rule in order to circumvent a more specific rule prohibiting admission).

Our circuit has previously affirmed the admission into evidence of misdemeanor judgments of conviction under this rule in certain circumstances. *See United States v. Loera*, 923 F.2d 725, 730 (9th Cir. 1991); *United States v. Wilson*, 690 F.2d 1267, 1275 n.2 (9th Cir. 1982). In these cases, however, the misdemeanor judgments of conviction were not admitted for the purpose of proving that the defendant committed the underlying crimes charged therein. Rather, the convictions tended to prove some other element of subsequent crimes charged. In *Loera*, a defendant's prior drunk driving misdemeanor judgments of conviction were admitted for the limited purpose of establishing the element of malice required for second degree murder, *i.e.*, that the defendant had grounds to be aware of the risk that drunk driving presented to others. 923 F.3d at 729. Similarly, in *Wilson*, at the defendant's trial on escape charges, his prior misdemeanor judgment of conviction for counterfeiting was admitted to establish that he had been incarcerated at the time that he was alleged to have escaped. 690 F.2d at 1275.

**[7]** The admission of misdemeanor judgments of conviction under Rule 803(8), per *Loera* and *Wilson,* should be confined to the set of circumstances present in those cases. In other words, misdemeanor judgments of conviction may be admissible under Rule 803(8) to prove some other element of a subsequently charged crime, but they are not admissible to prove that the defendant actually committed the underlying crimes charged. *See Olsen*, 189 F.3d at 63 (citing 4 Mueller & Kirkpatrick, *Federal Evidence*, § 471, at 660). Without this limitation to its reach in place, Rule 803(8) would swallow whole Rule 803(22)'s prohibition against the admission of misdemeanor convictions resulting from pleas of *nolo contendere*. Such a result could not have been intended by the drafters of the Federal Rules of Evidence. In short, there was no basis under the Federal Rules of Evidence for the district court to have admitted the certified copies of Nguyen's misdemeanor *nolo contendere* convictions.

## C. The Fact of Conviction Does Not Trigger Criminal Liability under 8 U.S.C. § 1253(b)

**[8]** Finally, we briefly address and reject an alternative argument presented by the Government on appeal. The Government contends that the fact of conviction alone triggered criminal consequences under 8 U.S.C. § 1253(b), regardless of the nature of the plea leading to that conviction. In support of this argument, it notes that 8 U.S.C. § 1253(b) is a criminal provision of the INA, which elsewhere defines "conviction" to include convictions resulting from *nolo contendere* pleas. *See* 8 U.S.C. § 1101(a)(48)(A). If 8 U.S.C. § 1253(b) criminalized the act of being convicted, then the fact that the conviction resulted from a *nolo contendere* plea would truly be irrelevant. As we have discussed earlier, however, the statute and the term of the order of supervision that it incorporates by reference both premise criminal liability on the act of "commit[ting] any crimes," not the act of being convicted. Thus, the INA's "conviction" definition is of no consequence.

**[9]** Equally unavailing are the cases cited by the Government in which the fact of prior conviction triggered collateral consequences in administrative hearings. *See Abimbola v. Ashcroft*, 378 F.3d 173, 174 (2d Cir. 2004); *Myers* v. *Sec'y of HHS*, 893 F.2d 840, 841-42, 845 (6th Cir. 1990); *Pearce v. U.S. Dep't of Justice*, 836 F.2d 1028, 1029 (6th Cir. 1988) (per curiam); *Crofoot v. U.S. Gov't Printing Office*, 761 F.2d 661, 665 (Fed. Cir. 1985). At issue here is a criminal prosecution. The consequences of administrative proceedings are not the same as a criminal prosecution, and the burdens of proof and rules of evidence are different. The Government was required here to bear the burden of proving in court, beyond a reasonable doubt, that Nguyen committed crimes while under supervision. Proof of his misdemeanor convictions based on his *nolo contendere* pleas did not carry that burden.

## III. Conclusion

Nguyen's conviction must be reversed. The misdemeanor *nolo contendere* convictions were legally insufficient to support Nguyen's conviction for violating 8 U.S.C. § 1253(b). Moreover, the convictions should not have been admitted under Rules 410, 803(22), or 803(8) for the purpose of proving that Nguyen actually committed the underlying crimes charged. In this situation, the Government is prohibited from retrying Nguyen on the 8 U.S.C. § 1253(b) charge. *See United States v. Bibbero*, 749 F.2d 581, 586 n.3 (9th Cir. 1984) ("If all the evidence the government produced at a defendant's first trial, including that which should not have been admitted, is insufficient to support the conviction, then the government has had its proverbial 'one bite at the apple' and any retrial would be forbidden.").

**REVERSED.**