**Donald RICAN–PIMENTEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72428.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jonathan F. Potter, Esq., M. Jocelyn Wright, Esq., Jeffrey L. Menkin, U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Donald Rican–Pimentel, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's decision to deny a continuance and issue a removal order. We deny the petition for review in part and dismiss it in part.

■ Reviewing for abuse of discretion, *Baires v. INS,* 856 F.2d 89, 91 (9th Cir. 1988), we conclude that the agency acted within its discretion in denying a continuance. Rican–Pimentel's contentions that his misdemeanor convictions do not render him ineligible for temporary protective status ("TPS") are unpersuasive. *Nolo contendere* pleas are included in the definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A), a provision which is operative in this context. *Compare United States v. Nguyen,* 465 F.3d 1128, 1133 (9th Cir.2006) (stating with respect to a conviction under 8 U.S.C. § 1253(b) that "the INA's 'conviction' definition is of no consequence"). Moreover, the required term of imprisonment refers to offenses that are "[p]unishable by imprisonment for a term of one year or less, regardless of the term [the] alien actually served." *See* 8 C.F.R. § 1244.1. Rican–Pimentel's misdemeanor convictions satisfy these requirements and he is therefore ineligible for TPS. *See* 8 U.S.C. § 1254a(c)(2)(B)(i).

ed by 9th Cir. R. 36–3.

■ As Rican–Pimentel did not raise the issue of waiving his TPS ineligibility before the BIA, we lack jurisdiction to consider that contention. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.