**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KENNETH MAYNARD WILLIAMS,
*Defendant-Appellant*.

No. 12-30353

D.C. No.
2:08-cr-06033-
WFN-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted
August 27, 2013—Seattle, Washington

Filed February 3, 2014

Before: M. Margaret McKeown and Richard R. Clifton,
Circuit Judges, and Jed S. Rakoff, Senior District Judge.[*]

Opinion by Judge Rakoff

---

[*] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

Reversing and vacating the district court's order revoking supervised release, and remanding for further proceedings, the panel held that a defendant's *Alford* plea to a state charge is insufficient to prove commission of a state crime for purposes of a federal supervised release violation when the state itself does not treat it as sufficiently probative of the fact that the defendant actually committed the acts constituting the crime or crimes of conviction.

### COUNSEL

Alison K. Guernsey (argued), Assistant Federal Defender of Eastern Washington & Idaho, Yakima, Washington, for Defendant-Appellant.

Alexander C. Ekstrom (argued), Assistant United States Attorney, United States Attorneys' Office, Eastern District of Washington, Yakima, Washington, for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

RAKOFF, Senior District Judge:

The narrow legal question presented by this appeal is whether a defendant's *Alford* plea to a state charge is sufficient in itself to warrant a finding of violation of the condition of federal supervised release prohibiting commission of a new state crime when the state itself does not treat the *Alford* plea as evidence of commission of the crime. We hold that it is insufficient.

FACTUAL AND PROCEDURAL HISTORY

Defendant Kenneth Maynard Williams pleaded guilty in 2009 to the federal crime of receiving a stolen motorcycle in violation of 18 U.S.C. § 2313 and was sentenced to fifteen months' imprisonment to be followed by three years' supervised release. While on supervised release, Williams was charged under Washington state law with second-degree assault with a firearm and unlawful possession of a firearm. Williams denied all the allegations, and eventually a plea agreement was reached in which the charges were reduced to a single charge of assault in the third degree. The new charge was something of a legal fiction, as one of the elements of third-degree assault in Washington is causing bodily harm, which the alleged victims did not accuse Williams of doing. Nevertheless, under the Washington doctrine approved in *In re Barr*, 684 P.2d 712 (Wash. 1984), a defendant can plead guilty to a factually unsupported lesser charge if a factual basis exists to support the original charge. *Id.* at 715.

Williams steadfastly maintained his factual innocence of all charges. Yet on August 22, 2012, Williams entered a

guilty plea to the single assault charge, pursuant to the doctrine of *North Carolina v. Alford*, 400 U.S. 25 (1970), as accepted by Washington, *State v. Newton*, 552 P.2d 682 (Wash. 1976), in which a defendant may plead guilty even while maintaining factual innocence. As Williams wrote in connection with his plea: "Alfred [*sic*] plea: I am pleading guilty to accept the offer of the state although I did not commit the offence. I believe I run a substantial risk of being convicted if the [j]ury believed the state[']s [e]vidence."

Because of this plea, Williams was charged with violating the mandatory condition of federal supervised release that requires that a defendant "shall not commit another federal, state or local crime." At a revocation hearing on October 9, 2012, Williams argued that his *Alford* plea was not probative evidence of the commission of a crime and instead proved only his conviction, which is not itself a violation of any condition of his supervised release. Williams urged that an evidentiary hearing was therefore necessary to determine whether he had in fact committed a state crime.

Rejecting these arguments, the district court on October 11, 2012 issued an order finding that Williams had violated the condition prohibiting him from committing a state crime because Williams "pled guilty to committing a crime in state court." Although recognizing that Williams had entered an *Alford* plea maintaining his innocence as to the state charges, the district court nevertheless concluded that Williams "acknowledged that the state could prove he had committed a crime beyond a reasonable doubt." Given this, an evidentiary hearing to determine whether Williams committed the charged crime would be "a waste of judicial resources and redundant." The district court therefore revoked defendant's supervised release and sentenced him to eighteen

months' imprisonment with credit for any time served. In so doing, the district court recognized that its holding was contrary to a Third Circuit case cited by Williams, *United States v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004).

## DISCUSSION

We review a district court's decision to revoke a term of supervised release for an abuse of discretion. *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000), *amended on other grounds by* 216 F.3d 1201 (9th Cir. 2000). When, however, a district court is said to have abused its discretion by basing its ruling on an erroneous view of the law, we review the legal issue de novo. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997); *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984) (en banc), *overruled on other grounds by Estate of Merchant v. Comm'r of Internal Revenue*, 947 F.2d 1390, 1392–93 (9th Cir. 1991).

The effect of the *Alford* plea here is governed by state law. *Cf. Poellnitz*, 372 F.3d at 567. The question of whether an *Alford* plea entered in Washington is legally sufficient by itself to warrant a finding that a person on supervised release violated the prohibition against committing a new state crime is a matter of first impression in the Ninth Circuit. But the conclusion that it is generally insufficient follows from this Court's holding in *United States v. Nguyen*, 465 F.3d 1128 (9th Cir. 2006), that a "conviction resulting from a *nolo contendere* plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime." *Id.* at 1130–31. Although *Nguyen* concerned the effect of a *nolo contendere* plea in a subsequent criminal trial requiring proof beyond a reasonable doubt of a prior crime's commission as an element of the new

charge, the logic of its holding applies with equal force here. *See id.* at 1129–30. Indeed, that was the conclusion of the Third Circuit, which held a *nolo contendere* plea to be insufficient evidence to revoke supervised release in *Poellnitz*, 372 F.3d at 565 ("We conclude that the District Court erred as a legal matter in relying on the *nolo* plea as evidence of commission of a crime."). *See also United States v. Bress*, No. 7:02-CR-22-7F, 2013 WL 1730145, at *5 (E.D.N.C. Apr. 22, 2013) ("In the context of an *Alford* plea, where the Defendant does not admit guilt, ambiguous language indicating [he] agreed there were facts to support the plea is not sufficient to demonstrate that [he] committed a state crime.").

The plain language of the condition of supervised release that Williams was alleged to have violated bears repeating: "The defendant shall not *commit* another federal, state or local crime" (emphasis added) — a mandatory condition under 18 U.S.C. § 3583(d). The same statute would permit a district court to impose as a discretionary condition of supervised release a requirement that the defendant not be *convicted* of another federal, state, or local crime, but no such condition was imposed on Williams here. *See* 18 U.S.C. § 3583(d) ("The court may order, as a further condition of supervised release . . . any other condition it considers to be appropriate . . . ."). Such a discretionary condition would give a federal defendant on supervised release charged with a state crime notice that a state *Alford* or *nolo contendere* plea would have federal consequences.

Both *Nguyen* and *Poellnitz* rely on this distinction between commission of a crime and conviction of a crime. *See Nguyen*, 465 F.3d at 1130 ("[T]he government had to prove that he had committed one or more crimes. That is not

quite the same as proving that he had been convicted on criminal charges."); *Poellnitz*, 372 F.3d at 566 ("The condition was *not* that defendant shall not be convicted of another crime. What is forbidden is illegal conduct, not another judgment of conviction."). This distinction often disfavors individuals on supervised release who, although not convicted of another crime beyond a reasonable doubt, may nevertheless be subject to revocation of supervised release by evidence establishing by a preponderance of the evidence that they committed another crime. But this distinction may also cut the other way: One can be convicted of a crime without having actually committed it, as may be the case with *Alford* and *nolo contendere* pleas, not to mention an *Alford* plea to an unsupported charge, as permitted by *In re Barr*.

Like the *nolo contendere* plea in *Nguyen*, an *Alford* plea is not treated in Washington as probative evidence. This important difference between Washington and California law distinguishes this outcome from those of *United States v. Guadarrama*, 742 F.2d 487 (9th Cir. 1984), and *United States v. Verduzco*, 330 F.3d 1182 (9th Cir. 2003), both of which upheld the use of *nolo contendere* pleas as evidence of a crime's commission because California law treated them as such in the felony context. *See Verduzco*, 330 F.3d at 1185 ("*Guadarrama* relied on California Penal Code § 1016, which provided then, as it does now: The legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes.") (brackets in original, paragraph break omitted). The treatment of a *nolo contendere* plea under Pennsylvania law was likewise the "critical question," according to the Third Circuit, in determining its effect in a federal violation of supervised release proceeding. *Poellnitz*, 372 F.3d at 565. State law providing that an *Alford* or *nolo contendere* plea is

to be treated the same as a guilty plea, like California's, will overcome the general proposition that it is not sufficient evidence of the underlying crime charged.

Unlike California's statutory treatment of *nolo contendere* pleas, Washington does not treat *Alford* pleas as probative of the commission of a crime. Most recently, in *Clark v. Baines*, 84 P.3d 245, 251 (Wash. 2004), the Washington Supreme Court held that, unlike a verdict or unreserved guilty plea allocution, an *Alford* plea could not "be said to be preclusive of the underlying facts and issues in a subsequent civil action." As the Washington Court of Appeals remarked, "by entering an *Alford* plea," the defendant "clearly manifested his intention not to make . . . an admission" to the underlying facts. *State v. Young*, 754 P.2d 147 (Wash. Ct. App. 1988). That court squarely rejected the argument "that it would be unduly burdensome to require that facts not admitted by the defendant must be proved in an evidentiary hearing in order to be considered by the sentencing judge." *Id.* at 150.[1]

Williams also argues on appeal that the district court should be reversed because, in refusing to hear any evidence

---

[1] The key Washington case relied on by the government concerns the admissibility, not the probative value, of an *Alford* plea and indeed itself confirms Washington's treatment of *Alford* pleas as insufficient evidence to establish the underlying facts of the charged offenses. *See New York Underwriters Ins. Co. v. Doty*, 794 P.2d 521, 524 (Wash. Ct. App. 1990) (finding an *Alford* plea to be admissible as a party admission, but stating that "*McGrath* prevents this court from finding that Doty's *Alford*-type plea proves that he intended his acts," and discussing *Safeco Ins. Co. of Am. v. McGrath*, 708 P.2d 657 (Wash. 1985)). Here, although our holding does not depend on it, the lack of evidentiary value of Williams's *Alford* plea is particularly plain because he pleaded guilty to a crime that he concededly did not commit but that was accepted pursuant to the legal fiction authorized by Washington's *In re Barr* doctrine.

beyond the *Alford* plea during the revocation proceeding, the court violated his right to due process. *See United States v. Diaz-Burgos*, 601 F.2d 983, 984 (9th Cir. 1979) (reversing and remanding despite an "obvious" violation of probation because "the trial court refused to hear any testimony or witnesses"). Because we reverse the district court on the legal question of whether an *Alford* plea is sufficient evidence, we do not reach the due process issue.

For the foregoing reasons, we conclude that an *Alford* plea is insufficient evidence to prove commission of a state crime for purposes of a federal supervised release violation when the state itself does not treat it as sufficiently probative of the fact that the defendant actually committed the acts constituting the crime or crimes of conviction. Accordingly, we reverse and vacate the district court's order revoking supervised release and remand for proceedings consistent with this opinion.

**REVERSED, VACATED, AND REMANDED.**