NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ISRAEL CORVERA,

Defendant-Appellant.

No. 15-50555

D.C. No. 3:12-cr-01342-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Israel Corvera appeals the district court's revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Corvera contends that the district court erred by revoking his supervised

release based on his commission of a new "found in" offense under 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

1326.  He first argues that the district court misinterpreted the law applicable to such offenses.  Reviewing de novo, *see United States v. Williams*, 741 F.3d 1057, 1059 (9th Cir. 2014), we conclude that the district court correctly determined that it could infer that Corvera entered the United States from unrebutted evidence showing that Corvera was found in Washington.  *See United States v. Quintana-Torres*, 235 F.3d 1197, 1200 (9th Cir. 2000) ("[A] reasonable juror may well infer that the alien had the intention to be here when the alien is discovered at any location in the country other than the border.").

Corvera also argues that the government did not prove by a preponderance of the evidence that he entered the United States.  The government presented evidence that Corvera was seen in the United States several miles south of the Canadian border, and nothing in the record indicates that he was intoxicated or under official restraint at the time he entered the United States from Mexico.  Viewed in the light most favorable to the government, this evidence was sufficient to support the district court's finding that Corvera voluntarily entered the United States.  *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010).

**AFFIRMED.**