**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>JACK BENJAMIN HESSIANI,<br><br>    Defendant-Appellant. | No.   18-10176<br><br>D.C. No.<br>2:16-cr-00320-LRH-VCF-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted September 11, 2019
San Francisco, California

Before: WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Jack Benjamin Hessiani appeals from his conviction for knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and from his 77-month sentence. For the following reasons, we affirm the conviction and sentence.

**1.** We decline to apply de novo review to Hessiani's challenge of the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

government's peremptory strike against juror T.O. under *Batson v. Kentucky*, 476 U.S. 79 (1986). The district court made a "deliberate decision whether purposeful discrimination occurred." *United States v. Alanis*, 335 F.3d 965, 969 (9th Cir. 2003). After hearing from the parties on the *Batson* challenge, the district court decided to "overrule the challenge" because it was "satisfied with the government's explanation." Because the district court evaluated Hessiani's challenge under all three steps of *Batson*, we review the challenge on appeal for clear error. *See Snyder v. Louisiana*, 552 U.S. 472, 477 (2008).

The district court did not clearly err in concluding Hessiani failed to meet his burden to show that race was a "substantial motivating factor in the prosecutor's decision to strike." *Cook v. LaMarque*, 593 F.3d 810, 822 (9th Cir. 2010). The district court evaluated the prosecutor's reasons and credibility in their totality. *See Mitleider v. Hall*, 391 F.3d 1039, 1047 (9th Cir. 2004). Particularly given the criminal justice subject T.O. had studied, we do not have a basis to doubt the district court's conclusion that the government's explanation for the strike based on age, education, and life experience as a "combination" was not pretextual.

**2.** The district court did not constructively amend the indictment. The indictment charged that Hessiani knowingly possessed two firearms when he was a convicted felon. The district court's instructions permitted the jury to convict Hessiani if it found he knowingly possessed at least one of two firearms. Because

2

the type of firearm possessed is not an essential element of section 922(g)(1), the jury was not permitted to convict Hessiani for uncharged conduct. *See United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir. 2006). *United States v. Ward*, 747 F.3d 1184, 1191–92 (9th Cir. 2014), is distinguishable because there the jury instructions allowed the jury to convict for uncharged conduct.

The variance did not prejudice Hessiani's substantial rights. Just as in *Hartz*, the difference between the indictment and jury instructions was "minor," and not of the nature that risked "blindsiding a defendant with an unforeseeable basis of liability or prosecution strategy." *Hartz*, 458 F.3d at 1022–23. The shooting range manager and assistant manager both testified that every gun at the range was from out of state. The ATF agent testified that all of the guns at issue were manufactured in either New Hampshire or Germany. Hessiani had ample opportunity to cross-examine these witnesses to cast doubt on the interstate nexus element of section 922(g)(1).

**3.** Even if the district court erred in admitting the out-of-court recorded statement of Hessiani's cousin, Jose Aceves, the error was harmless. Aceves provided testimony that incriminated Hessiani independent of the recording. There was other ample evidence in the record to support a guilty verdict. Any error did not more likely than not affect the guilty verdict. *See United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000).

3

**4.** The district court did not plainly err in admitting evidence related to Hessiani's *nolo contendere* pleas. The district court properly admitted exhibit 11, which contained Hessiani's *nolo contendere* judgment of conviction and sentence for willful infliction of corporal injury under California Penal Code § 273.5, threats to commit a crime under California Penal Code § 422, and stalking under California Penal Code § 646.9(A). Because the judgment of conviction and sentence from Hessiani's *nolo contendere* plea were introduced to show that Hessiani had previously been convicted of a felony, they were admissible under Federal Rule of Evidence 803(8). *See United States v. Nguyen*, 465 F.3d 1128, 1132 (9th Cir. 2006) (stating that judgments of conviction may be admissible under Rule 803(8) "to prove some other element of a subsequently charged crime"). Because exhibit 11 was admissible, the district court's decision to admit exhibit 10, which contained the change of plea minutes and plea agreement for Hessiani's *nolo contendere* plea to insurance fraud under California Penal Code § 550(b)(1), did not affect Hessiani's substantial rights.

**5.** The district court properly concluded that there was sufficient evidence to support the section 922(g)(1) conviction. Because exhibit 11 was admissible, the government established that Hessiani had been previously convicted of a felony.

**6.** The district court properly enhanced Hessiani's sentence under U.S.S.G. §§ 2K2.1 and 4B1.2(a) for his prior convictions of willfully inflicting

4

corporal injury, *see* California Penal Code § 273.5, and making criminal threats, *see* California Penal Code § 422. *United States v. Castleman*, 572 U.S. 157 (2014), did not undermine our established precedent that the offenses in sections 273.5 and 422 are crimes of violence. *See id.* at 170; *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016) (holding "conviction for attempted criminal threats" under California Penal Code § 422(a) "is categorically a crime of violence" even after the Supreme Court's decision in *Castleman*); *United States v. Laurico-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010) ("Section 273.5 does not penalize minimal, non-violent touchings. It penalizes the intentional use of force that results in a traumatic condition."). Hessiani's state convictions qualified as crimes of violence, and the enhancements were properly applied.

**7.** Hessiani was not entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The indictment and the jury instructions contained the same obvious error: They omitted the element that Hessiani knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed a firearm. *See United States v. Benamor*, No. 17-50308, 2019 WL 4198358, at *5 (9th Cir. Sept. 5, 2019). But because the record before the jury established that Hessiani knew he had previously been convicted in California and sentenced to imprisonment for more than one year when he possessed a firearm, the error did not affect Hessiani's substantial rights or seriously affect the fairness,

5

integrity, or public reputation of the judicial proceedings. *See id.* Hessiani was sentenced to three years' imprisonment for the felony offense of willful infliction of corporal injury. Hessiani was also sentenced to sixteen months' imprisonment for making criminal threats, and to another sixteen months for stalking. The convictions and sentences were properly before the jury.

**AFFIRMED.**