**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4420**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEVELAND WINSTON KILGORE, JR., a/k/a Cleveland Winston Kilgore-Bey,

Defendant - Appellant.

**No. 19-4421**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEVELAND WINSTON KILGORE, JR., a/k/a Cleveland Winston Kilgore-Bey,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Richard D. Bennett, District Judge.  (8:18-cr-00101-RDB-1; 8:06-cr-00115-RDB-1)

Submitted:  January 17, 2020                Decided:  February 4, 2020

Before WILKINSON and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant. Robert K. Hur, United States Attorney, Jeffrey Hann, Special Assistant United States Attorney, Burden Walker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Winston Kilgore, Jr., appeals from the district court's judgments revoking his supervised release and sentencing him to 24 months' imprisonment. The district court determined that Kilgore had violated the conditions of his supervised release by (1) failing to appear for mental health treatment sessions at a treatment center, (2) failing to meet with the probation officer as instructed, (3) being unsuccessfully discharged from mental health treatment, (4) failing to participate in any vocational or education program, (5) failing to contact the probation officer, and (6) committing a state crime—second-degree assault violating Maryland state law—while on release.

On appeal, Kilgore challenges the district court's determination that his Maryland conviction violated the condition of supervision that he not commit another state crime while on release, arguing that the court erred in relying on his plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), as the basis for this finding. Kilgore also argues that the district court erred in admitting at the revocation hearing records and testimony about those records without a showing by the Government of good cause for the unavailability of the probation officer and treatment center witness who prepared them. Kilgore further lodges two challenges to his 24-month sentence. He argues that the district court failed to consider U.S. Sentencing Guidelines Manual § 7B1.1(b), p.s. (2018) and that, as a result, the court erred in calculating and considering the applicable advisory policy statement range in his case. He also argues that the district court failed to consider the sentencing disparity and disparate treatment created by treating his Maryland assault

3

conviction as a Grade B violation of supervised release. Finding no reversible error, we affirm.

We generally review a district court's judgment revoking a defendant's supervised release for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2018); *Padgett*, 788 F.3d at 374. Kilgore, however, did not lodge an objection to the district court's determination that he violated the condition of supervised release that he not commit any state crimes while on release through his *Alford* plea to second-degree assault in Maryland state court. Kilgore thus must show plain error in this regard to obtain reversal. *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015). To establish plain error, Kilgore must show that an error occurred, it was plain, and the error affected his substantial rights. *Id.* "The term 'plain' error is synonymous with 'clear' or 'obvious' error. An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (some internal quotation marks omitted; internal citation omitted). We have discretion to correct such an error "only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Obey*, 790 F.3d at 547 (internal quotation marks and brackets omitted). We conclude that the district court committed no clear or obvious error under the settled law of the Supreme Court or this circuit when it determined that Kilgore committed a state crime in violation of the conditions of his supervised release based on his plea under *Alford* to second-degree assault violating Maryland state law.

4

Courts assessing the significance of a conviction entered pursuant to a state procedure look to state law to understand the nature of that procedure. *See United States v. Slaton*, 760 F. App'x 689, 692 n.3 (11th Cir.) (reaching this conclusion in supervised release revocation case), *cert. denied*, 139 S. Ct. 2037 (2019); *United States v. Glenn*, 744 F.3d 845, 848 (2d Cir. 2014) (per curiam) (same); *United States v. Williams*, 741 F.3d 1057, 1059 (9th Cir. 2014) (same); *United States v. Davis*, 679 F.3d 177, 186 (4th Cir. 2012) (relying on North Carolina state law's treatment of no contest plea "precisely as an *Alford* plea" in case assessing whether conviction pursuant to no contest plea supported application of cross-reference under Sentencing Guidelines). In making such an assessment, we look to the "practical consequences" of the plea. *Alford*, 400 U.S. at 37.

In *Alford*, the Supreme Court held that "[a]n individual accused of crime may . . . consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* As this court has recognized, such a "plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012) (internal quotation marks omitted). In Maryland, a trial court may accept an *Alford* plea "only after determining (1) that the plea is voluntary; and (2) that there is factual basis for the plea." *Pennington v. State*, 505 A.2d 895, 896 n.1 (Md. Ct. Spec. App. 1986), *aff'd*, 521 A.2d 1216 (Md. 1987). Maryland's high court has explained that an *Alford* plea-though not an admission of guilt-nonetheless "equates to" a guilty plea as a matter of state law. *Jamison v. State*, 148 A.3d 1267, 1273 (Md. 2016); *see Bishop v. State*, 7 A.3d 1074, 1085 (Md. 2010) (recognizing that "an *Alford* plea is the functional equivalent of a

5

guilty plea" (internal quotation marks omitted)); *see Ward v. State*, 575 A.2d 771, 772-73 (Md. Ct. Spec. App. 1990) (recognizing an *Alford* plea as "a specialized type of guilty plea" and stating that "we do not see how an *Alford* plea could be construed as anything short of a guilty plea"), *cited with approval in Bishop*, 7 A.3d at 1085.

Where, as here, an *Alford* plea carries under state law the same consequences as a guilty plea, a district court may rely on that plea to find a federal supervisee in violation of the condition of supervised release that he not commit another crime while on release. *See Slaton*, 760 F. App'x at 692 & n.3; *Glenn*, 744 F.3d at 848. On this basis, Kilgore cannot demonstrate plain error by the district court. *See United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012) ("[W]here we have yet to speak directly on a legal issue and other circuits are split, a district court does not commit plain error by following the reasoning of another circuit."); *United States v. Abu Ali*, 528 F.3d 210, 235 n.8 (4th Cir. 2008) ("Abu Ali cannot begin to demonstrate plain error given that a number of our sister circuits have held that a court need not instruct juries [as Abu Ali argued].").[*]

---

[*] Relying primarily on the Ninth Circuit's opinion in *Williams* and this court's opinion in *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), Kilgore nonetheless maintains that the district court erred in relying on his *Alford* plea. *Williams* and *Alston*, however, are inapposite and do not support Kilgore's position. *See Williams*, 741 F.3d at 1059-60 (holding that *Alford* plea from Washington state court was not probative of the commission of a crime in the federal revocation context because Washington does not treat *Alford* pleas "the same as a guilty plea"); *Alston*, 611 F.3d at 226-27 (holding that enhanced sentence under Armed Career Criminal Act could not rest on a conviction pursuant to *Alford* unless "the defendant's own admissions or accepted findings of fact confirm[] the factual basis of a valid plea" in case applying modified categorical approach), *abrogated on other grounds by United States v. Royal*, 731 F.3d 333 (4th Cir. 2013).

6

Next, because Kilgore never objected to the admission at the revocation hearing of the testimony and records he now challenges for lack of good cause, we review this challenge for plain error as well. *Obey*, 790 F.3d at 547.

Under Fed. R. Crim. P. 32.1(b)(2)(C), a defendant has a due process right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." "[T]he district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). "[T]he reliability of the [hearsay] evidence is a critical factor in the balancing test under Rule 32.1," but not the beginning and end of the analysis. *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014) (internal quotation marks omitted). "[U]nless the [G]overnment makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." *Id.*; *Doswell*, 670 F.3d at 530-31.

Here, the district court's admission of the testimony and records ran afoul of the requirements we set forth in *Doswell* and *Ferguson*. Nevertheless, Kilgore's commission of the crime of second-degree assault while on supervised release provided a sufficient ground to establish a violation of the terms of his supervision and was the driving force for the calculation of the policy statement range undergirding his 24-month sentence. We therefore conclude that the admission of the challenged testimony and records did not "seriously affect the fairness, integrity or public reputation of judicial proceedings," *Obey*, 790 F.3d at 547 (internal quotation marks and alteration omitted), and thus perceive no error warranting reversal or vacatur in this regard.

7

Turning to Kilgore's 24-month sentence, "[a] district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making this determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).

"Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences." *Id.* (internal quotation marks and brackets omitted). A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2018) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e). *Slappy*, 872 F.3d at 207. A revocation sentence is substantively reasonable "if the [district] court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks and brackets omitted). Only if we find a revocation sentence unreasonable do we "consider whether it is plainly so, relying on the definition of plain used in our plain error analysis-that is, clear or obvious." *Id.* at 208 (internal quotation marks and brackets

8

omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

Kilgore argues that the district court failed to consider USSG § 7B1.1(b), p.s., and that, as a result, the court erred in calculating and considering the applicable advisory policy statement range in his case, which should have been calculated using a single Grade B violation, resulting in a policy statement range of 12 to 18 months' imprisonment. Because Kilgore did not raise this issue below, we review it for plain error only. *Obey*, 790 F.3d at 547.

We conclude after review of the record that the factual predicate undergirding Kilgore's claim—that the district court failed to consider USSG § 7B1.1(b), p.s.—is unsupported by the record evidence. Moreover, because the district court specified at sentencing that the relevant policy statement and corresponding range "driving" its policy statement calculation was a "Grade B violation . . . with a range of 12 to 18 months," no plain error in this regard has been established.

Finally, Kilgore argues that his 24-month sentence is plainly unreasonable because the district court failed to consider the sentencing disparity and disparate treatment created by treating his Maryland assault conviction as a Grade B violation of supervised release. Although conceding that this conviction was properly treated as a Grade B violation based on the statutory maximum prison term for the offense even though it is classified under state law as a misdemeanor, he argues that so treating Maryland second-degree assault creates an unwarranted disparity with similarly situated supervisees who commit new misdemeanors in other states in this circuit and violates equal protection by drawing an

9

irrational and arbitrary distinction between those who commit misdemeanors in Maryland and those who commit them in other states. We review these contentions for plain error as well. *Obey*, 790 F.3d at 547.

Although a district court, in determining whether to revoke a term of supervised release and impose a prison term, is to consider—among other § 3553(a) factors—the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3583(e), Kilgore offers nothing to suggest or show that other (hypothetical) individuals convicted of other misdemeanors in the states of this circuit are similarly situated.

Additionally, in the absence of a fundamental right or a suspect classification—which Kilgore does not claim—distinctions rationally related to a legitimate state interest do not violate equal protection. *Siena Corp. v. Mayor & City Council of Rockville*, 873 F.3d 456, 465 (4th Cir. 2017). Section 7B1.1(a), p.s., of the Guidelines distinguishes Grade B and Grade C violations of supervised release in part based on a particular characteristic of the state offense at issue—namely, the maximum prison term for that offense, *compare* USSG § 7B1.1(a)(2), p.s., *with* USSG § 7B1.1(a)(3), p.s. It is not constitutionally irrational for this policy statement provision to make violation grade distinctions with regard to those characteristics, and "doing so is no more intentionally arbitrary than [the country's] system of federalism itself." *United States v. Lender*, 985 F.2d 151, 156-57 & n.* (4th Cir. 1993) (stating that prosecuting jurisdiction's determination of whether individual is prosecuted as adult or juvenile "must be respected by later sentencing courts" and holding that such deference does not run afoul of defendant's constitutional protections). Kilgore further

does not identify legal authority supporting his claim that the classifications drawn by this policy statement provision and applied in his case violate a guarantee of equal protection. Kilgore thus fails to demonstrate plain error in this regard and does not establish that the 24-month sentence is plainly unreasonable.

Accordingly, we affirm the criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*