NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO ADOLFO NAVICHOQUE, AKA Arnoldo Morales-Lopez, AKA Geraldo Navichoque, AKA Gustavo Navichoque,<br><br>               Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No.   18-70661<br><br>Agency No. A088-451-628<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2020
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and MENDOZA,[**] District
Judge.

     Petitioner Gustavo Adolfo Navichoque, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA" or "agency")

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Salvador Mendoza, Jr., United States District Judge
for the Eastern District of Washington, sitting by designation.

denial of his claim for withholding of removal and relief under the Convention Against Torture ("CAT"), including deferral of removal. For the reasons that follow, the petition is granted and remanded with instructions to grant CAT deferral relief.

1. The agency's adverse credibility finding is not supported by substantial evidence. The government did not address the merits of petitioner's credibility argument in its briefing, but instead suggested a remand to the BIA to reconsider its affirmance of the IJ's credibility determination. But the government offered no reason in its briefing or during oral argument why the agency should revisit the credibility determination. We therefore decline to remand the credibility issue but instead review it for substantial evidence.

The agency relied on petitioner's previous use of an erroneous name and nationality as well as discrepancies between petitioner's testimony and the factual basis of his prior *nolo contendere* plea to a state offense. Neither is sufficient to establish a lack of credibility. The use of a false name and nationality "does not detract from but supports [petitioner's] claim of fear of persecution." *Turcios v. I.N.S.*, 821 F.2d 1396, 1401 (9th Cir. 1987). Further, although the BIA acknowledged at points that Navichoque pleaded *nolo contendere*, the BIA analysis treated a *nolo contendere* plea as if it were a guilty plea. A *nolo contendere* plea is "not an admission of factual guilt," *United States v. Nguyen*,

465 F.3d 1128, 1130 (9th Cir. 2006), so Navichoque's explanation at his hearing of the circumstances of his conviction did not contradict any earlier admission of guilt. Because "it is apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence, then . . . on remand we can sensibly say that a petitioner should be deemed credible." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

We conclude that petitioner is entitled to be deemed credible on remand.

2. The agency's alternative holding denying CAT relief because petitioner failed to establish government acquiescence is also not supported by substantial evidence. "Acquiescence by government officials requires only that they were aware of the torture but remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (cleaned up) (quoting *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008). After petitioner reported his kidnapping, "[t]he police told [him] to stop reporting, because they couldn't do anything. They said [that] [his] reporting also put them in danger, and [he] needed to stop." The IJ, whose reasoning the BIA adopted, found the petitioner's testimony insufficient to establish acquiesce. But the IJ did not acknowledge that, after the kidnapping, the police affirmatively told petitioner not to make any more reports and that they could not do anything about

drug cartel attacks. That the police directly told petitioner not to make reports compels a finding that there was acquiescence by the local police in petitioner's torture. Because "past torture is ordinarily the principal factor on which we rely when an applicant who has previously been tortured seeks relief under the Convention," *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005); *see also Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015), the record compels the conclusion that petitioner will more likely than not be tortured upon removal to Guatemala, with government acquiescence. In sum, petitioner is credible and has established entitlement to CAT relief. Thus, the BIA shall grant such relief on remand. 8 C.F.R. § 1208.17(a).

3. Petitioner did not make any argument as to the particularly serious crime determination that precluded withholding relief and thus waived the issue. *See, e.g., Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

**PETITION GRANTED; REMANDED WITH INSTRUCTIONS.**