**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4201**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

THEOFANIS MAVROUDIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.    Gina M. Groh, District Judge. (3:13-cr-00034-GMG-JES-1)

Submitted:  September 24, 2014        Decided:  October 9, 2014

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theofanis Mavroudis pled guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012). He was sentenced to sixty-three months' imprisonment, to run consecutively to any future state or federal sentence, followed by a lifetime of supervised release. Mavroudis appeals, challenging his sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first consider whether the sentencing court committed "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

If we find the sentence procedurally reasonable, we also consider its substantive reasonableness under the totality of the circumstances. Lynn, 592 F.3d at 578. The sentence imposed must be "sufficient, but not greater than necessary, to

comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Mavroudis raises two challenges to his Guidelines calculations. He first asserts that the district court erred in imposing an eight-level upward adjustment to his base offense level for commission of a sex offense against a minor while in failure to register status. See U.S. Sentencing Guidelines Manual ("USSG") § 2A3.5(b)(1)(C) (2012). For the purposes of this Guideline, "sex offense" is defined, in relevant part, as "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C § 16911(5) (2012); see USSG § 2A3.5 cmt. n.1. "Minor" is defined to include "an individual who had not attained the age of 18 years." USSG § 2A3.5 cmt. n.1. The Guideline does not require conviction of such an offense, but only its commission, to qualify a defendant for the enhancement. United States v. Lott, 750 F.3d 214, 220-21 (2d Cir. 2014).

Mavroudis also asserts that the district court erred in imposing a two-level upward adjustment for vulnerable victim.

3

The Guidelines provide for a two-level enhancement when the defendant "knew or should have known that a victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1). A "vulnerable victim" is defined as "a victim of the offense of conviction and any conduct for which the defendant is accountable under [USSG] § 1B1.3 (Relevant Conduct) . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2.

We find no abuse of discretion in the district court's imposition of these enhancements. The testimony at sentencing amply supported the court's findings that Mavroudis committed the West Virginia offense of sexual abuse in the third degree, see W. Va. Code §§ 61-8B-1(6), 61-8B-9(a) (2013), and that the victim of this offense qualifies as a vulnerable victim under USSG § 3A1.1. Moreover, we find unpersuasive Mavroudis' argument that the vulnerable victim enhancement could not apply to his failure to register offense. See USSG § 1B1.3(a)(1) (defining "relevant conduct" to include "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction."); cf. United States v. Myers, 598 F.3d 474 (8th Cir. 2010) (finding prior sexual assault that predated failure to register offense was not relevant conduct).

4

Mavroudis next asserts that his lifetime term of supervised release is both procedurally and substantively unreasonable, because the court failed to provide adequate reasoning to justify the sentence, and it is unsupported by facts in the record. However, the district court provided a clear, if brief, explanation of its reasons for imposing the term—specifically focusing on the need to protect the community and other vulnerable victims, due to Mavroudis' demonstrated recidivism, and to provide needed treatment. We conclude these reasons adequately support the court's decision to impose such a sentence. Moreover, insofar as Mavroudis seeks to challenge the substantive reasonableness of his sentence of imprisonment, he fails to rebut the presumption of reasonableness accorded this sentence. See Montes-Pineda, 445 F.3d at 379.

Finally, Mavroudis asserts that the district court lacked discretion to order that his sentence run consecutively to any future state or federal sentence. Mavroudis specifically relies on United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006) (holding, based upon the language of 18 U.S.C. § 3584(a) (2012), that a district court "cannot impose its sentence consecutively to a sentence that does not yet exist"). However, the Supreme Court's subsequent ruling in Setser v. United States, 132 S. Ct. 1463 (2012), implicitly overruled Smith. Therefore, the district court did not abuse its discretion in

5

running the sentence consecutively to Mavroudis' unimposed sentences.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED