**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4585**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GREGORY DEVON OBEY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:12-cr-00268-D-1)

_____

Argued:  May 12, 2015                    Decided:  June 24, 2015

_____

Before MOTZ, KING, and THACKER, Circuit Judges.

_____

Affirmed by published opinion.  Judge Motz wrote the opinion, in which Judge King and Judge Thacker joined.

_____

**ARGUED**: Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, P.C., Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Thomas G. Walker, United States Attorney, Yvonne V. Watford-McKinney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

DIANA GRIBBON MOTZ, Circuit Judge:

Gregory Devon Obey pled guilty, pursuant to a written plea agreement, to distribution of cocaine and aiding and abetting in its distribution. The district court sentenced him to 240 months' imprisonment, and directed that this sentence "run consecutive to any other State or Federal sentence." On appeal, Obey contends that the Government breached the plea agreement in making its sentencing recommendation, and that the district court lacked the authority to order that his sentence run consecutively to any future sentence. Finding no reversible error, we affirm.

I.

In January 2013, a federal jury convicted Obey of multiple counts involving the distribution of cocaine and cocaine base. The district court sentenced him to a total of 540 months' imprisonment. While Obey's appeal was pending, the Government filed an unopposed motion to remand the case for a new trial because of a Giglio v. United States, 405 U.S. 150 (1972), error. We granted the motion, vacated Obey's convictions and sentence, and remanded the case to the district court for a new trial.

On remand, Obey entered a plea of guilty to cocaine distribution and aiding and abetting in violation of 21 U.S.C.

2

§ 841(a)(1) and 18 U.S.C. § 2. In a written plea agreement, Obey waived his right to appeal and the Government agreed to recommend an eighteen-year term of imprisonment. At the plea hearing, the district court found that Obey had entered his guilty plea freely and voluntarily.

At the sentencing hearing in July 2014, the Government requested that the court impose an eighteen-year sentence, as stated in the plea agreement. The prosecutor explained that "extensive plea negotiations" between the parties had resulted in the agreed-upon recommendation. When the district court asked about a pending state murder charge, mentioned in Obey's presentencing report, the Government responded that the state case was scheduled for trial in August 2014.[1] The prosecutor then addressed the 18 U.S.C. § 3553(a) factors, asserting that Obey, a recidivist, was properly classified as a career offender, but reiterating the Government's recommendation of only eighteen years' imprisonment.

Applying the sentencing factors to Obey's acts, the district court determined that "the Government's request for a variance lacks merit." The court then imposed a sentence of 240 months' imprisonment, the statutory maximum, and directed that

---

[1] At oral argument before us, the parties indicated that no trial took place on that date, and the case is still pending in state court.

Obey's sentence "run consecutive to any other State or Federal sentence, including any unimposed sentence [Obey] might receive" for the pending state murder charge.  Obey noted a timely appeal.

## II.

We first address Obey's contention that the Government breached the plea agreement.[2]  Obey raises this claim for the first time on appeal.  Accordingly, we review it only for plain error.  Puckett v. United States, 556 U.S. 129, 133-34 (2009).  To prevail, Obey must show that an error occurred, that it was plain, and that it affected his substantial rights.  United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).  Even if Obey makes this showing, we will correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted) (alteration in original).

We apply contract law principles when we construe a plea agreement.  Thus, "each party should receive the benefit of its bargain" under the agreement.  United States v. Dawson, 587 F.3d

---

[2] Obey's appeal waiver does not preclude our consideration of this claim because "[a] defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement."  United States v. Dawson, 587 F.3d 640, 644 n.4 (4th Cir. 2009).

4

640, 645 (4th Cir. 2009) (internal quotation marks and citation omitted). By the same token, however, we will not hold the Government to promises that it did not actually make in the plea agreement, for neither party is obligated to "provide more than is specified in the agreement itself." Id. (internal quotation marks and citation omitted).

An examination of the transcript of the sentencing hearing reveals that the prosecutor repeatedly urged the district court to impose the eighteen-year sentence stipulated to in the plea agreement. Nevertheless, Obey argues that the prosecutor violated the plea agreement by failing to provide reasons to support the sentence recommendation. The plea agreement, however, did not require the Government to provide any such reasons. And the Supreme Court has held that the Government is not obligated to explain its reasons for making a particular sentencing recommendation unless it agrees to do so in the plea agreement. See United States v. Benchimol, 471 U.S. 453, 456 (1985) (per curiam); see also Dawson, 587 F.3d at 645 ("[I]n enforcing plea agreements, the government is held only to those promises that it actually made." (internal quotation marks and citation omitted)).

Relying on United States v. Brown, 500 F.2d 375 (4th Cir. 1974), and United States v. Grandinetti, 564 F.2d 723 (5th Cir. 1977), Obey further argues that the prosecutor undermined the

5

plea agreement by implying personal reservations about the sentencing recommendation. Brown and Grandinetti, however, involve very different facts. In Brown, although the prosecutor recommended the sentence stipulated in the plea agreement, he informed the court that he did "have some problems with" the sentence when asked if he really "believe[d] in it." 500 F.2d at 377. Similarly, in Grandinetti, the prosecutor admitted to having "very serious problems" with both the agreement and stipulated sentence, stating that he was "not too sure" of either its "legality" or "propriety." 564 F.2d at 725.

Here, by contrast, the prosecutor neither criticized the terms of the agreement nor expressed doubt about the legality or propriety of the recommended sentence. In fact, although the terms of the plea agreement did not require the prosecutor to state reasons to support the recommendation, he did just that. In the course of repeating, no fewer than three times, a request that the court adopt the recommendation, the prosecutor detailed why the Government had entered into the agreement.

Thus, the prosecutor explained that the parties had been involved in "extensive plea negotiations" in reaching the plea agreement. He elaborated that in reaching the agreement, the Government took into account the risk of retrial, the "significant amount" of impeachment evidence available to use against a cooperating witness at retrial, and that witness's

6

reluctance to testify. And the prosecutor concluded by remarking that "taking those matters into consideration, we agreed to this 18 year sentence, and there's no real rhyme or reason for coming to 18 years, but that's where we ended up in our plea negotiations and we're asking the Court to adopt that recommendation." Obey contends that the "rhyme or reason" statement conveyed the prosecutor's personal reservations about the plea agreement. We disagree. Viewed in context, the remark simply explained how the plea negotiations ended up at eighteen years, as opposed to some other number.[3] For these reasons, we cannot conclude that the Government breached the plea agreement.

## III.

We next consider Obey's remaining argument -- that the district court erred in ordering that his sentence run consecutively to any future "State or Federal sentence." In doing so, the court relied on Setser v. United States, 132

---

[3] Obey additionally argues that the prosecutor "articulated" his personal reservations about the plea recommendation by "arguing sentencing factors in favor of a more severe sentence." Appellant's Br. 11. But in the plea agreement, the Government retained its right to offer evidence and information related to sentencing. As such, it was not a breach of the agreement to comment on Obey's background and prior conduct. Rather, the prosecutor "had a duty to bring all relevant information about [Obey] to the court's attention at the time of sentencing." United States v. Perrera, 842 F.2d 73, 75 (4th Cir. 1988).

7

S. Ct. 1463 (2012). There, the Supreme Court held a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." Id. at 1466.

In reaching that holding, the Setser Court examined the text of 18 U.S.C. § 3584(a), which addresses a federal court's ability to order that sentences run consecutively or concurrently. The statute provides, in pertinent part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

18 U.S.C. § 3584(a). The Setser Court noted that § 3584(a) speaks to the question of consecutive versus concurrent sentences only when multiple terms of imprisonment are imposed at the same time or when the defendant is already subject to an undischarged term of imprisonment. Setser, 132 S. Ct. at 1467. The provision does not say, the Court explained, whether a federal sentencing court may impose a sentence consecutive to a state sentence that is anticipated but that has not yet been imposed. Id. Answering this question in the affirmative, the Court rejected the contention that § 3584(a) allows a district court to order a consecutive sentence only in one of the two

8

"common situations" that the provision explicitly mentions.  Id. at 1470.  Instead, the Setser Court found it "more natural to read § 3584(a) as not containing an implied 'only,'" thus "leaving room for the exercise of judicial discretion in the situations not covered" by that provision.  Id.

Although Setser holds that a district court may run its sentence consecutive to an anticipated state sentence, it left open the question of whether a district court may also order its sentence to run consecutive to an anticipated federal sentence. See id. at 1471 n.4 (whether "a district court can enter a consecutive sentencing order in advance of an anticipated federal sentence" is a question "not before us").  Indeed, as the Ninth Circuit has noted, the Supreme Court suggested in dicta that the answer to the latter question might well be "No." See United States v. Montes-Ruiz, 745 F.3d 1286, 1291 (9th Cir. 2014) (citing Setser, 132 S. Ct. at 1471 n.4).

Six years prior to Setser, we held, relying on § 3584(a), that a district court lacked the authority to order that a sentence run consecutive to any future sentence.  See United States v. Smith, 472 F.3d 222, 224 (4th Cir. 2006).  Setser undoubtedly abrogated Smith as applied to an anticipated state sentence, but Setser did not abrogate Smith as applied to an anticipated federal sentence, and may well endorse the Smith

9

approach with respect to anticipated federal sentences.[4]  In any event, the holding in Smith prohibiting a district court from ordering that its sentence run consecutively to an anticipated federal sentence remains controlling precedent in this circuit.

Relying on it, Obey thus contends that the district court erred in ordering that his sentence run consecutively to "any other State or Federal sentence." (Emphasis added).  We agree.  But Obey did not raise this contention before the district court.  Accordingly, as Obey conceded at oral argument, we can only reverse if we conclude that he meets the rigorous plain error standard.  And although the district court's order swept more broadly than Setser authorizes in requiring that Obey's sentence run consecutive to any future sentence, we cannot conclude that this error was plain.

For an error to be plain, it must be "clear" or "obvious," United States v. Olano, 507 U.S. 725, 734 (1993), at least by the time of appellate consideration, Henderson v. United States, 133 S. Ct. 1121, 1130 (2013).  That Setser leaves intact a portion of the logic and holding in Smith is not so obvious as

---

[4]  Emphasizing the Setser Court's use of the word "anticipated," Obey suggests that Setser's holding also does not reach all future state sentences.  Sentences resulting from proceedings not yet adjudicated are not "anticipated," he argues, and so remain unaffected by Setser.  We need not resolve this issue, however, as any error by the district court in failing to make this distinction was not "plain."

to require reversal.  Until today, no published opinion from this court had addressed that issue, and the only unpublished opinion to do so expressly countenanced the district court's approach here.  See United States v. Mavroudis, 587 F. App'x 46, 48-49 (4th Cir. 2014) (per curiam) (noting that Setser "implicitly overruled Smith," and concluding that the court did not exceed its authority in running a sentence consecutively to any future sentence).  In these circumstances, we cannot find the district court plainly erred.[5]

## IV.

For the foregoing reasons, the Government's motion to dismiss is denied, and the judgment of the district court is

AFFIRMED.

---

[5] The Government moved to dismiss Obey's appeal of this issue, contending that he waived the claim in his plea agreement.  Although a defendant of course can waive appellate review in a plea agreement, such a provision does not waive a contention that the sentence he received was "beyond the authority of the district court to impose." United States v. Thornsbury, 670 F.3d 532, 539 (4th Cir. 2012).  Because the district court exceeded its authority, Obey's challenge survives his appeal waiver.  Accordingly, we deny the Government's motion to dismiss.