**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4294**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERIC WAYNE ZUSPAN,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:09-cr-00081-IMK-JSK-1)

_____

Submitted:  November 30, 2015          Decided:  January 6, 2016

_____

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tracy Weese, Shepherdstown, West Virginia, for Appellant.
William J. Ihlenfeld, II, United States Attorney, Andrew R.
Cogar, Assistant United States Attorney, Clarksburg, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Wayne Zuspan appeals the district court's judgment revoking his supervised release. On appeal, he contends that the district court abused its discretion when it admitted hearsay evidence at the revocation hearing and in revoking his supervised release. We affirm.

At a revocation hearing, a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). "[T]he district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012). "[T]he reliability of the [hearsay] evidence is a critical factor in the balancing test under Rule 32.1." United States v. Ferguson, 752 F.3d 613, 617 (4th Cir. 2014) (internal quotation marks omitted). However, "unless the government makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." Id.

The decision to admit hearsay evidence at a revocation hearing is reviewed for an abuse of discretion. Doswell, 670 F.3d at 529. Evidentiary rulings are subject to harmless error review. United States v. Johnson, 617 F.3d 286, 292 (4th Cir.

2

2010). In reviewing the admission of hearsay in a revocation hearing, "the proper harmlessness test must ensure that the error had no substantial and injurious effect or influence on the outcome, not whether the error was harmless beyond a reasonable doubt." Ferguson, 752 F.3d at 618 (internal quotation marks omitted).

Zuspan first argues that the district court abused its discretion when it admitted the recorded interview of a witness, contending the Government did not offer good cause for failing to present the witness to testify. We conclude that any error did not have a substantial and injurious effect on the outcome. The district court did not rely on the witness' statements in determining that Zuspan violated the conditions of his supervised release. Moreover, because we conclude the Government's evidence was sufficient — without the hearsay statements — to determine that Zuspan violated the conditions of his supervised release by participating in a scheme to defraud a retail store, this claim warrants no relief. Ferguson, 752 F.3d at 617.

Zuspan next challenges the district court's admission of testimony about the results of a store's internal investigation —specifically, the finding that items were not scanned at the register and the total cost of the unscanned items. Because Zuspan failed to object below, we review for plain error.

3

United States v. Obey, 790 F.3d 545, 547 (4th Cir. 2015). To establish plain error, Zuspan must demonstrate "that an error occurred, that it was plain and that it affected his substantial rights." Id. We have discretion to "correct the error only if it seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

We conclude that any error in the admission of the store's findings did not affect Zuspan's substantial rights. First, the amount of loss was established by Zuspan's payment of restitution to the state court. Moreover, the Government's evidence, including videos of the transactions shown during the hearing, established that items were not being scanned into the register.

Zuspan next contends that the district court abused its discretion in revoking his supervised release because the Government's evidence failed to establish he had the specific intent to defraud. We review for abuse of discretion a district court's judgment revoking supervised release but review its factual findings for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015), cert. denied, __ S. Ct. __, 2015 WL 5937870 (U.S. Nov. 9, 2015) (No. 15-6499); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release

4

by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. "[A] preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

We conclude the district court did not clearly err when it found that Zuspan intended to defraud the store. Zuspan admitted that he knew he was getting a break and that the clerk was not scanning all of the items he purchased. The video and store records show that Zuspan purchased cigarettes, yet only paid using an Electronic Benefits Transfer (EBT) card — further demonstrating that Zuspan was aware he was not being charged for items because EBT cards cannot be used to pay for tobacco. See 7 U.S.C.A. §§ 2012(d)(1), (k)(1), 2016(b) (West 2010 & Supp. 2015). Moreover, as the Government argued below, the number and circumstances of the transactions is circumstantial evidence that Zuspan intended to defraud the store.

Finally, Zuspan asserts that it was fundamentally unfair to revoke his supervised release because he detrimentally relied upon his probation officer's promise that his federal supervision would not be revoked in forgoing a challenge to the state charges and instead paying restitution to resolve those charges. However, as the Government argues, the probation

5

officer could not promise that Zuspan's supervised release would not be revoked after the state charges were dismissed because only the district court had authority to revoke supervised release and retained discretion as to whether to accept or reject the probation officer's recommended disposition. See 18 U.S.C. § 3583(e)(3).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED