**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4429**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES RICHARD LUMSDEN,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00152-RJC-3)

———————————

Submitted: May 31, 2016          Decided: June 14, 2016

———————————

Before GREGORY, WYNN, and FLOYD, Circuit Judges.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Richard Lumsden appeals his convictions and 93-month sentence following his guilty plea pursuant to a plea agreement to money laundering, a violation of 18 U.S.C. § 1956(a)(1) (2012), and possession of a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c) (2012). Lumsden challenges his convictions and sentence, alleging ineffective assistance of counsel and prosecutorial misconduct. Lumsden also claims that the district court erred in denying his request for new counsel, which rendered his waiver of appellate rights involuntary, and denying his motion for a downward variance at sentencing. The Government argues that Lumsden's appeal is — at least in part — foreclosed by the waiver of appeal rights in his plea agreement and that Lumsden's remaining claims are without merit. For the following reasons, we affirm in part and dismiss in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Generally, "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver," it is enforceable. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he agreed to it "knowingly and

2

intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue is ultimately evaluated by reference to the totality of the circumstances," United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted), such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Thornsbury, 670 F.3d at 528.

In his plea agreement, Lumsden agreed to waive his right to appeal but reserved his right to raise on appeal issues of ineffective assistance of counsel and prosecutorial misconduct. Lumsden challenges the validity of the waiver, arguing that the district court's denial of his request to substitute counsel rendered the waiver involuntary. Our review of the record convinces us that the district court did not abuse its discretion in denying the request for new counsel, see United States v. Horton, 693 F.3d 463, 466-67 (4th Cir. 2012) (providing standard of review and factors courts consider in reviewing motions to substitute counsel), and that Lumsden knowingly and voluntarily waived his appellate rights. Because Lumsden's challenge to his sentence falls squarely within the scope of that waiver, we dismiss the appeal of the sentence.

Although Lumsden's sentencing claim falls within the scope of the waiver, Lumsden's ineffective assistance of counsel and prosecutorial misconduct claims fall outside the scope of the waiver and are subject to appellate review. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal, unless an attorney's ineffectiveness conclusively appears on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion, and, therefore, we decline to review these claims on direct appeal.

Finally, Lumsden argues that the Government engaged in prosecutorial misconduct. Because Lumsden failed to allege prosecutorial misconduct before the district court, we review for plain error. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (applying plain error standard to prosecutorial misconduct claim); see United States v. Obey, 790 F.3d 545, 547 (4th Cir. 2015) (setting forth plain error standard). We conclude that Lumsden cannot show error, let alone plain error.

4

To establish prosecutorial misconduct, Lumsden "must show (1) that the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted). Our review discloses that Lumsden's claim is meritless, as he fails to show either misconduct or prejudice.

Accordingly, we affirm Lumsden's convictions and dismiss the appeal of the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART AND
DISMISSED IN PART