**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4073**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JAQUELL MAURICE TYSOR,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00165-CCE-1)

_____

Submitted: October 28, 2016      Decided: November 16, 2016

_____

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaquell Maurice Tysor pled guilty to possession of a firearm by a convicted felon. The district court imposed a sentence of 120 months' imprisonment. On appeal, Tysor argues that the district court erred when it did not order his sentence to run concurrent to an anticipated state sentence for relevant conduct, pursuant to U.S. Sentencing Guidelines Manual § 5G1.3(c) (2014). For the following reasons, we affirm.

We review Tysor's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Tysor alleges the district court committed procedural error, specifically in failing to properly apply USSG § 5G1.3 in determining Tysor's sentence. We have reviewed the record and conclude that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the relevant sentencing factors

2

specific to Tysor's case, selected a sentence not based on clearly erroneous facts, and sufficiently explained the sentence. Because the court properly engaged in each of these analytical steps and explained its reasoning supporting the sentence, it did not commit procedural error.

As to Tysor's particular argument, we conclude the district court did not abuse its discretion when it ordered Tysor's federal sentence to run consecutively, in part, to his anticipated state sentence for relevant conduct. Sentencing judges "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose." Setser v. United States, 132 S. Ct. 1463, 1468 (2012). Indeed, Setser specifically addressed whether 18 U.S.C. § 3584(a) (2012) allows the imposition of a federal sentence consecutive to an anticipated state sentence. 132 S. Ct. at 1470; United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015) ("Setser holds that a district court may run its sentence consecutive to an anticipated state sentence.").

Moreover, the Guidelines are advisory, thus the district court was not obligated to impose concurrent sentences pursuant to § 5G1.3. United States v. Nania, 724 F.3d 824, 830 (7th Cir. 2013) ("[G]iven the advisory nature of the Sentencing Guidelines, a district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies."). Rather, the

3

district court is required to consider the 18 U.S.C. § 3553(a) (2012) factors in determining whether to run the sentences consecutively or concurrently. 18 U.S.C. § 3584(b) (2012). Thus, the district court was within its authority to run part of Tysor's federal sentence consecutive to the anticipated state sentence, rather than concurrently, and we perceive no error in its decision to do so.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED