**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4023**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID LEE PARKER,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:12-cr-00059-GBL-1)

_____

Argued: September 20, 2016        Decided: December 2, 2016

_____

Before TRAXLER and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ARGUED**: Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF**: Geremy C. Kamens, Acting Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Christopher Catizone, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Parker seeks to appeal the 111-month sentence entered on his convictions pursuant to his guilty plea to four counts of fraud (i.e., access device fraud, wire fraud, and fraud in connection with computers, in violation of 18 U.S.C. §§ 1029(a)(2), 1343, and 1030(a), respectively) and two counts of identity theft, in violation of 18 U.S.C. § 1028A(a). Parker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and the Government moved to dismiss the appeal based on an appellate waiver contained in the plea agreement between the parties. Parker filed a pro se supplemental brief raising numerous issues, and we ordered supplemental briefing on the issue of whether the Government breached the plea agreement at sentencing. Finding no breach and that the appeal waiver is enforceable, we grant the Government's motion and dismiss the appeal.

## I.

Parker contends that the Government breached the plea agreement by failing to recommend at sentencing that the district court treat the four fraud counts individually, and that this breach constitutes plain error affecting his substantial rights. As part of the plea agreement, the Government promised that it would "recommend to the [district] [c]ourt that at least [sic] the following provisions of the

Sentencing Guidelines apply." J.A. 58. The plea agreement then lists each fraud count -- Counts 1, 3, 5, and 6 -- with its base offense level and loss amount. The plea agreement states that U.S.S.G. § 2B1.1 applies to all four fraud counts.

The presentence report grouped Counts 1, 3, 5, and 6 and calculated a base offense level of 7 for the group under U.S.S.G. § 2B1.1(a)(1). With 20 levels in increases and a three level reduction for acceptance of responsibility, Parker's total offense level was 24. Parker's criminal history was in Category III, and the presentence report calculated his Guidelines range for the group at 63 to 78 months' imprisonment. Separately, Parker was subject to consecutive terms of 24 months' imprisonment on Counts 2 and 4 (identity theft), and the presentence report calculated these prison terms as his Guidelines sentences for those counts. Parker contends that his total advisory sentencing range would have been lower without grouping.

At Parker's initial sentencing in May 2012, the district court orally announced a sentence of concurrent terms of 78 months' imprisonment on Counts 1, 3, and 5, a concurrent sentence of 60 months' imprisonment on Count 6, and "a sentence of 24 months consecutive to all other counts for each other for Counts 2 and 4," for a total sentence the court concluded amounted to 111 months' imprisonment (rather than 112 months).

3

J.A. 129. After the court excused the parties, it "adjust[ed] [the sentence] to 111" by imposing concurrent sentences of 50 months on Counts 1, 3, and 5, "plus 60." J.A. 133-34.

Despite these oral pronouncements, the district court's docket shows apparent revisions to Parker's sentence on three additional occasions: (1) a minute entry reflects the imposition of another 111-month total prison term; (2) a June 11, 2012, judgment reflects the imposition of another 111-month total prison term; and (3) a June 19, 2012, amended judgment reflects the imposition of yet another 111-month total prison term. Parker did not note an appeal from these judgments.

Later, Parker filed a 28 U.S.C. § 2255 motion to vacate, and the district court denied relief. Parker appealed, and we concluded, in granting a certificate of appealability, as follows: (1) that the district court lacked jurisdiction to modify Parker's sentence after June 6, 2012, and thus the sentences issued in the June 11 and June 19 judgments were of no effect and not subject to appellate review; (2) as to the "operative" sentence for review -- a 61-month sentence on Counts 2 and 4 -- we determined that this sentence exceeded the statutory maximum for those counts and noted that Parker had preserved the right to appeal any sentence exceeding the statutory maximum; and (3) that Parker was sentenced in violation of the laws of the United States and that the record

4

did not conclusively show he was not entitled to relief on his contention that counsel rendered ineffective assistance. Accordingly, by order entered on April 9, 2014, we vacated Parker's sentence and remanded. At the resentencing, the district court again sentenced Parker to 111 months in prison.

II.

The Government makes three arguments that we cannot reach the issue of whether the Government breached the plea agreement. First, the Government contends that Parker has waived any argument on appeal by focusing on the original sentencing, not the resentencing. Parker correctly points out, however, that the plea agreement, which is the subject of this appeal, applies to both the original and subsequent sentencings.

The Government next argues that Parker has waived the argument that it breached the plea agreement by arguing before the district court that Counts 1, 3, 5, and 6 were groupable. Although Parker's actions before the district court can be construed as acceptance of the grouping, his failure to object to the grouping does not waive his claim that the Government breached the plea agreement. See Puckett v. United States, 556 U.S. 129, 138 (2009).

Finally, the Government argues that the law-of-the-case doctrine precludes review of Parker's claim. Parker's § 2255 motion argued that the Government breached the plea agreement by

5

applying the two-level enhancement for more than ten victims. We dismissed that claim in our prior order, specifically holding that "[t]he Government did not breach the plea agreement by agreeing with the presentence report's recommendation to apply a two-level enhancement to Parker's offense level for an offense involving ten or more victims." J.A. 216-17. The law-of-the-case doctrine applies to "the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999). Whether the Government breached the plea agreement by agreeing with the two-level enhancement and whether the Government breached the plea by supporting the district court's grouping of the fraud counts are separate issues. Our previous decision held only that the Government did not breach the agreement with regard to the two-level enhancement. Therefore, the law-of-the-case doctrine does not apply to Parker's argument that the Government breached the plea agreement by agreeing to the grouping of the fraud counts.

III.

We come, then, to the core of Parker's present argument: that the Government breached the plea agreement by not recommending that Counts 1, 3, 5, and 6 be treated individually, rather than grouped. Whether the Government breached the plea agreement is a question of law that we review de novo. United States v. Lopez, 219 F.3d 343, 346 (4th Cir. 2000). "[A]

6

defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Parker did not raise this objection before the district court, our review is for plain error. See United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). Accordingly, Parker must show "(1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

"[W]e will not hold the Government to promises that it did not actually make in the plea agreement." United States v. Obey, 790 F.3d 545, 547 (4th Cir. 2015). The record does not reflect that the Government promised Parker that the fraud counts would be treated separately. Instead, the plea agreement stated that "the United States and the defendant will recommend to the Court that at least the following provisions of the Sentencing Guidelines apply," J.A. 58, and then listed each of the four fraud counts and each count's applicable base offense level and loss amount. Despite Parker's arguments to the contrary, the plea agreement does not demonstrate that the parties understood the four grouped counts would be treated individually. Plea agreements are construed using principles imported from contract

7

law, United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997), and are interpreted by the agreement's "plain language in its ordinary sense," United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007). It is undisputed that U.S.S.G. § 2B1.1 is the applicable Guideline for all four fraud counts, and Parker concedes that the counts were subject to mandatory grouping. See U.S.S.G. § 3D1.2 ("When the offense level is determined largely on the basis of the total amount of harm or loss," counts "shall be grouped together into a single Group" under subsection (d), which expressly lists § 2B1.1 as a Guideline for which offenses covered by it "are to be grouped"). Both defense counsel and the Government are familiar with sentencing procedures. See J.A. 32 (district judge noting during the colloquy that defense counsel "is a very experienced criminal defense attorney"). Thus, the logical reading of the plea agreement is that it does not address whether the fraud counts would be grouped because both parties knew they had to be as a matter of law. Furthermore, if the parties were going to stipulate to something that is contrary to the Guidelines, it is reasonable to expect the plea agreement to state that explicitly. Parker has presented no evidence demonstrating that the Government promised to treat the fraud counts individually, and the plea agreement contained no language precluding the Government from arguing that the fraud

counts should be grouped. Accordingly, we find that the Government did not plainly breach the plea agreement.

IV.

Even if one were persuaded by the rather awkward phrasing of the plea agreement that the Government committed a breach of the agreement, any such breach is, manifestly, harmless in the circumstances of this case. An error is harmless and will not be corrected if "it did not affect the defendant's substantial rights." United States v. Lewis, 633 F.3d 262, 271 (4th Cir. 2011). "A defendant's substantial rights are affected if the error affected the outcome of the district court proceedings." Dawson, 587 F.3d at 645 (internal quotation marks omitted).

The district court correctly grouped the fraud counts, as it was required to do under the Sentencing Guidelines. Moreover, the trial court has sentenced Parker to 111 months numerous times, providing lengthy explanations for its exercise of discretion. At the first sentencing, the district court wanted to impose a 111-month sentence but incorrectly apportioned the counts. After we vacated the sentence and ordered resentencing, the district court again sentenced Parker to 111 months but reallocated the months among the counts to be within the statutory maximums. Because the district court properly grouped the counts and repeatedly imposed a 111-month sentence, Parker cannot plausibly establish that his substantial rights were

9

affected by the Government's alleged breach of the plea agreement. See generally United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (applying "assumed error harmlessness inquiry" approach in analyzing challenge to sentence).

## V.

For the foregoing reasons, the Government's motion to dismiss is GRANTED and this appeal is

DISMISSED.