**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4842**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EZEQUIEL GONZALEZ GARZA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:16-cr-00011-F-1)

Submitted: October 25, 2017                                    Decided: October 31, 2017

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew N. Leerberg, SMITH MOORE LEATHERWOOD LLP, Raleigh, North Carolina; Kip D. Nelson, SMITH MOORE LEATHERWOOD LLP, Greensboro, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ezequiel Gonzalez Garza pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced Garza to 135 months' imprisonment. On appeal, Garza challenges this sentence, arguing that it resulted from the government's breach of the parties' plea agreement and the ineffective assistance of defense counsel. We affirm.

Garza first contends that his sentence should be vacated because the government breached the parties' plea agreement. The government breaches a plea agreement when an express or implied promise it made to induce the plea remains unfulfilled. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017); *see Santobello v. New York*, 404 U.S. 257, 262 (1971). However, "the government is held only to those promises that it actually made to the defendant." *Id.* (internal quotation marks omitted).

"[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). Because Garza did not claim in the district court that the government had breached the plea agreement, we review for plain error. *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015). "To prevail, [defendant] must show that an error occurred, that it was plain, and that it affected his substantial rights," and even with such a showing, we correct only those errors that affect "the fairness, integrity, or public reputation of judicial proceedings." *Id.* With these strict standards in mind, and after a review of the record, we conclude that there was no plain error. We

2

perceive no breach of the plea agreement, and even if the government's conduct were considered to constitute such a breach, the sentencing court was aware of the mitigating information at issue before imposing sentence.

Garza next claims that he received ineffective assistance of counsel. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record and conclude that there is no conclusive evidence of ineffective assistance. Garza's claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*