**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4439**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MANUEL RODRIGUEZ, a/k/a Manuel Rodriguez-Castro, a/k/a Manuel Carmen Rodriguez,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00419-TDS-1)

Submitted:  February 8, 2018        Decided:  February 21, 2018

Before KEENAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Lisa B. Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Rodriguez appeals his sentence after pleading guilty to illegal reentry of a deported felon under 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced him in the middle of his Sentencing Guidelines range to 13 months in prison, to run consecutively to any other term of imprisonment that may be imposed, and three years of supervised release. On appeal, Rodriguez contends that his pending North Carolina charges were relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a) (2016), and the district court erred by not imposing his sentence to run concurrently with his anticipated North Carolina sentence under USSG § 5G1.3(c). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citation omitted). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* (citation omitted). "Whether a crime constitutes 'relevant conduct' under the Guidelines is a factual question we review for clear error." *United States v. Robinson*, 744 F.3d 293, 300 (4th Cir. 2014) (citation omitted). It is unnecessary to vacate a sentence based on an asserted error under the Sentencing Guidelines "if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (citation omitted), *cert. denied*, 138 S. Ct. 208 (2017). "To apply this 'assumed error harmlessness inquiry' we require '(1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the

2

sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (citation omitted).

We have reviewed the record and conclude that the district court did not err or abuse its discretion by imposing Rodriguez's sentence to run consecutively to his anticipated state sentence. At his sentencing, Rodriguez had pending state charges for felony second degree kidnapping, felony attempted second degree forcible rape, and misdemeanor sexual battery. Rodriguez contends these offenses were relevant conduct under USSG § 1B1.3(a), because they allegedly occurred during the commission of the offense of conviction, i.e., after he illegally reentered the country; and they would have resulted in a specific offense characteristic increase under USSG § 2L1.2(b)(3) if he had been convicted. Therefore, he argues that the district court erred by not running his sentence concurrently with his anticipated state sentence under USSG § 5G1.3(c).

We disagree. A district court has authority to order that a federal sentence be consecutive to an anticipated state sentence that has not yet been imposed. *Setser v. United States*, 566 U.S. 231, 233 (2012); *United States v. Obey*, 790 F.3d 545, 548-49 (4th Cir. 2015). In Amendment 787, the Sentencing Commission determined that the concurrent sentence benefits of USSG § 5G1.3 "should be available not only in cases in which the state sentence has already been imposed at the time of federal sentencing (as subsection (b) provides), but also in cases in which the state sentence is anticipated but has not yet been imposed, as long as the other criteria in subsection (b) are satisfied (i.e., the state offense is relevant conduct under subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3, and subsection (a) of § 5G1.3 does not apply)." USSG app. C (U.S. Sentencing Comm'n

3

2016). Thus, both subsections (b) and (c) apply only to offenses that are relevant conduct under subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3, omitting those offenses which may be used to determine "any other information specified in the applicable guideline" under subsection (a)(4) of § 1B1.3. Moreover, commentary to § 5G1.3 explicitly notes that relevant conduct under § 1B1.3(a)(1), (a)(2), or (a)(3) does *not* include any offense "for which the defendant received an increase pursuant to USSG § 2L1.2 (Unlawfully Entering or Remaining in the United States)." USSG § 5G1.3 cmt. n.2(B).

Rodriguez argues that his pending state offense charges are relevant conduct to his reentry offense, because they allegedly occurred after he illegally reentered the United States, and illegal reentry is a continuing offense. However, the fact that an unrelated offense occurs during the timeframe of another offense does not automatically convert it into "relevant conduct." *Robinson*, 744 F.3d at 301; *see also United States v. Orozco-Sanchez*, 814 F.3d 844, 851 (7th Cir. 2016) (holding that illegal reentry offense was not relevant conduct to drug offense supporting a concurrent sentence under § 5G1.3(b), rejecting defendant's argument that illegal reentry was prerequisite to drug offense). In addition, even when an offense is relevant conduct, and § 5G1.3(c) applies, "the district court would not be mandated to impose a concurrent sentence" due to the advisory nature of the Sentencing Guidelines. *Orozco-Sanchez*, 814 F.3d at 850 (citations omitted).

In this case, the district court decided that even assuming Rodriguez's pending state charges would be relevant conduct under the Guidelines, the court would disagree with the recommendation to run the sentence concurrently. The court explained that it did not have enough information about how much time he would serve on the state

4

offenses, and the court wanted to make sure that he had a separate punishment for the illegal reentry, because he had committed the offense after having been deported twice, and his prior conviction and sentence for illegal reentry did not deter him from reentering yet again. We find no error or abuse of discretion in the district court's rulings.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*