**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4650**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LAMAR DUNN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:16-cr-00108-FL-1)

Submitted:  March 29, 2018                                    Decided:  April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamar Dunn pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 28 grams or more of cocaine base (crack), 500 grams or more of cocaine, and a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2012). The district court imposed a below-Guidelines sentence. On appeal, Dunn's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the Government breached the plea agreement in its sentencing arguments and whether the district court imposed an unreasonable sentence. The Government has moved to dismiss Dunn's appeal based upon a waiver of appellate rights in his plea agreement.

To the extent counsel argues that the Government breached the plea agreement in its sentencing arguments, we disagree. "[W]e will not hold the Government to promises that it did not actually make in the plea agreement, for neither party is obligated to provide more than is specified in the agreement itself." *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing leads us to conclude that the appeal waiver contained in Dunn's plea agreement is valid, as he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Dunn waived the right to appeal his conviction and sentence, including any issue related to the establishment of the Guidelines range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guidelines range.

Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to any issues within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are outside the scope of the appeal waiver or are not waivable by law. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Dunn, in writing, of the right to petition the Supreme Court of the United States for further review. If Dunn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dunn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*