**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4934**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA AARON DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-cr-00030-D-1)

Submitted:  February 19, 2021                                Decided:  March 17, 2021

Before WYNN, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Aaron Davis appeals from the district court's judgment revoking his supervised release and imposing a 59-month prison term. The district court determined that Davis had violated the conditions of his supervised release by (1) possessing cocaine, heroin, and methamphetamine, (2) possessing a firearm or other destructive device, and (3) distributing and possessing with intent to distribute methamphetamine and conspiring to commit the same. On appeal, Davis challenges his 59-month sentence, arguing that the district court erred in classifying violations (1) and (3) as Grade A violations of supervised release and that this misclassification increased his advisory policy statement range under the U.S. Sentencing Guidelines Manual (2018) from 21 to 27 months' imprisonment to the 51-to-60-months' imprisonment range that the district court calculated. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). Davis' challenge to the district court's calculation of his policy statement range was not raised below. We thus review it for plain error only. *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015). To establish plain error, Davis must show that an error occurred, it was plain, and the error affected his substantial rights. *Id.* "The term 'plain' error is synonymous with 'clear' or 'obvious' error. An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (some internal quotation marks omitted;

2

internal citation omitted). We have discretion to correct such an error "only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Obey*, 790 F.3d at 547 (internal quotation marks and brackets omitted).

After review of the record,[*] we conclude that Davis fails to establish plain error in the calculation of his policy statement range. The district court determined that violations (1) and (3) were Grade A violations of supervised release. We find no clear or obvious error in the district court's determination that Davis' conduct amounted to a Grade A violation of supervised release. Only one Grade A violation of supervised release was needed for Davis' policy statement range to be 51 to 60 months' imprisonment. *See* USSG §§ 7B1.1(b), 7B1.4(a), p.s., So Davis fails to demonstrate plain error. And he does not establish that his 59-month revocation prison sentence is plainly unreasonable.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Davis failed to comply with Fed. R. App. P. 28(a)(8)(A) (requiring that an appellant's argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies") in challenging the district court's May 11, 2020, and June 7, 2020, orders supplementing the record. We therefore deem this contention abandoned, *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 122 n.10 (4th Cir. 2018) (declining to address argument abandoned on appeal through failure to comply with Rule), and have considered the record as supplemented by the May 11 and June 7 orders.

3