**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4096**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

MERCEDES PINEDA-DUARTE,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00304-D-7)

_____

Submitted:  June 12, 2025                                    Decided:  June 16, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mercedes Pineda-Duarte pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced her within the advisory Sentencing Guidelines range to 324 months' imprisonment. On appeal, Pineda-Duarte argues that the Government breached the plea agreement by making statements at sentencing that contradicted its agreement to recommend a significant downward variance to a sentence of 240 months' imprisonment. She also contends that the district court erred in applying a sentencing enhancement for her leadership role in the conspiracy. The Government responds that its statements acknowledging Pineda-Duarte's offense conduct did not breach the plea agreement, and otherwise invokes the appeal waiver in Pineda-Duarte's plea agreement. We affirm in part and dismiss in part.

An appeal waiver cannot preclude consideration of a claim that the Government breached its obligations under the plea agreement. *United States v. Dawson*, 587 F.3d 640, 644 n.4 (4th Cir. 2009). However, our review of the record discloses no breach of the plea agreement because the Government's brief remarks about Pineda-Duarte's offense conduct did not undermine the plea agreement, *see United States v. Obey*, 790 F.3d 545, 548 (4th Cir. 2015) (finding no breach of plea agreement where prosecutor's statements did not criticize or express doubts about recommended sentence), and the Government retained in the agreement the right to offer such information for the purpose of imposing an appropriate sentence. Therefore, we affirm as to this claim.

2

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Pineda-Duarte knowingly and voluntarily waived her right to appeal. Accordingly, we dismiss Pineda-Duarte's appeal as to all issues within the waiver's scope, including her challenge to the calculation of her sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*