**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4675**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

JOSHUA LEE HAMILTON,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:05-cr-00136-JRS-1)

Submitted:  August 21, 2017           Decided:  August 29, 2017

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephanie S. Henkle, LIBERTY & JUSTICE LAW FIRM, P.L.L.C., Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Lee Hamilton appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months' imprisonment. The district court determined that Hamilton had violated his conditions of supervised release by (1) committing a crime, namely, possession with intent to distribute a Schedule I/II substance, possession of a Schedule I/II substance, possession of marijuana, and resisting arrest; and (2) associating with felons without permission.

Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the sentence was procedurally unreasonable. After conducting our review pursuant to *Anders*, we sought supplemental briefing on two issues: (1) whether the district court plainly erred in admitting a laboratory report without the Government's showing of good cause for the forensic witness' unavailability; and (2) whether the district court erred in failing adequately to explain its chosen sentence, and if so, whether this error was harmless. Having reviewed the parties' arguments on these issues, we affirm.

We generally review a district court's judgment revoking supervised release for abuse of discretion and review its factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). The district court need find a violation of a condition of supervised release by only a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); *Padgett*, 788 F.3d at 374.

We conclude that the district court did not abuse its discretion in revoking Hamilton's supervised release. Even without the contested laboratory report and drug

2

violations, the district court reasonably found Hamilton's other violations—resisting arrest and associating with felons—by a preponderance of the evidence, as they were supported by the testimony of the state trooper and the probation officer during the revocation hearing.

We therefore analyze the admission of the laboratory report in the context of Hamilton's sentence. Hamilton contends that the district court plainly erred in admitting the report without the Government's explanation of the forensic witness' unavailability, in violation of Fed. R. Crim. P. 32.1(b)(2)(C).

Because Hamilton failed to object to the admission of the laboratory report below, he must show plain error in order to obtain reversal. *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015). To establish plain error, Hamilton must demonstrate "that an error occurred, that it was plain, and that it affected his substantial rights." *Id.* We have discretion to "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Under Fed. R. Crim. P. 32.1(b)(2)(C), a defendant has a due process right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." "[T]he district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). "[T]he reliability of the [hearsay] evidence is a critical factor in the balancing test under Rule 32.1," but not the beginning and end of the analysis. *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014). "[U]nless the government makes a showing of good cause for

3

why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." *Id.*; *Doswell*, 670 F.3d at 530-31.

Here, the district court's admission of the laboratory report runs afoul of the requirements we set forth in *Doswell* and *Ferguson*. *See Obey*, 790 F.3d at 550. The error also may have affected Hamilton's substantial rights, because the district court did not specify what evidence it relied on to determine that Hamilton committed the drug violations. *See Ferguson*, 752 F.3d at 617-20; *Doswell*, 670 F.3d at 531. But Hamilton's admission that he was convicted of the drug violations in state court provided sufficient grounds to establish the drug violations on its own. Further, because Hamilton admitted to the state drug convictions, the admission at the revocation hearing of the laboratory report did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *See Obey*, 790 F.3d at 547 (alteration and internal quotation marks omitted). Therefore, we perceive no reversible error in the admission of the report.

Hamilton next argues that the district court procedurally erred by failing to provide an individualized assessment and explanation of his sentence or address his arguments for a concurrent sentence.

Because Hamilton argued for a concurrent sentence below, he preserved his claim that the district court erred in failing to address his arguments and provide a proper explanation for his sentence. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). Preserved claims are reviewed for abuse of discretion, and if we discern abuse, reversal is required unless "the party defending the ruling below" shows that "the error was harmless." *Id.* at 585 (internal quotation marks omitted).

4

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the applicable statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006) (citation omitted). We consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original criminal sentences. *Id.* at 438.

A revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. *Id.* The district court must also provide a statement of reasons for the sentence imposed. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Such an explanation is necessary "to promote the perception of fair sentencing" and to permit "meaningful appellate review." *Gall*, 552 U.S. at 50; *accord Carter*, 564 F.3d at 329-30. "[A] district court may not simply impose sentence without giving *any* indication of its reasons for doing so." *Thompson*, 595 F.3d

5

at 547. Otherwise, a court "could effectively thwart appellate review of any within-range revocation sentence[]." *Id.*

Here, the district court has provided us with little explanation on which to base our appellate review on this point. *See Gall*, 552 U.S. at 50. However, the district court did make findings as to the violations themselves that indicated its view of Hamilton's breach of the court's trust. Further, the statutory maximum sentence imposed is below the otherwise applicable policy statement range. We conclude that the record contains sufficient material to find the sentence procedurally reasonable. The within-policy-range sentence is presumptively substantively reasonable, *Padgett*, 788 F.3d at 373, and that presumption has not been rebutted.

Consequently, we affirm the judgment below. In accordance with *Anders*, we have reviewed the record and found no meritorious issues for appeal. This court requires that counsel inform Hamilton in writing of the right to petition the Supreme Court of the United States for further review. If Hamilton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hamilton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. The mandate shall issue forthwith.

*AFFIRMED*