**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-4594**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JEREME EUGENE MACKEY, a/k/a Cash,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00317-FL-1)

───────────

Submitted: February 25, 2021                    Decided: March 19, 2021

───────────

Before GREGORY, Chief Judge, MOTZ, and RICHARDSON, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

Jennifer H. Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jereme Eugene Mackey pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), 846 (Count 1); possession with intent to distribute controlled substances, in violation of § 841(a)(1) (Count 6); and possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7). The district court sentenced Mackey to 140 months' imprisonment on the controlled substance offenses and a mandatory consecutive 60-month term on the firearm offense, for a total sentence of 200 months. On appeal, Mackey contends that the district court erred by accepting his guilty plea to the conspiracy count, that counsel was ineffective with respect to his plea, that the district court erred by failing to give him credit against his sentence for time served, and that his sentence was unreasonable. The Government moved to dismiss the appeal as barred by the appellate waiver included in Mackey's plea agreement.[*] We affirm in part and dismiss in part.

Mackey first contends that his guilty plea to the conspiracy charge was not knowing and voluntary and was not supported by an adequate factual basis. He asserts that he was not informed of the elements of the offense and that the factual basis was insufficient to support his plea to the conspiracy offense.

---

[*] Because Mackey presented challenges to the validity of his guilty plea, we previously deferred action on the motion pending completion of briefing.

2

Because Mackey did not raise this issue in the district court or move to withdraw his guilty plea, we review the validity of his plea for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Mackey must demonstrate that the district court erred, the error was plain, and it affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013); *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if these requirements are met, we "will correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015) (alterations and internal quotation marks omitted).

Mackey entered into a plea agreement that detailed the elements of the conspiracy charge. During the Rule 11 hearing, he stated, under oath, that he discussed the charges and the plea agreement with his attorney, that he understood the charges, and that he fully understood the entirety of the plea agreement. Mackey further acknowledged that he did "knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with other persons to knowingly and intentionally distribute and possess with intent to distribute [controlled substances]." We conclude that Mackey's assertions on appeal that he was not advised of the elements of conspiracy and therefore his plea was not knowingly entered are belied by his statements during the Rule 11 hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). We therefore find no error by the district court in accepting Mackey's plea as knowingly and voluntary. *See* Fed. R. Crim. P. 11(b).

3

Mackey next contends that there was an insufficient factual basis for his plea to the conspiracy charge. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008). "The rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted). In making this determination, the district court "possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis." *Ketchum*, 550 F.3d at 366 (internal quotation marks omitted). A factual basis may be found to exist "from anything that appears on the record," *Mastrapa*, 509 F.3d at 660, and may be supported by information in the presentence report. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002).

Based on our review of the record, which includes the factual basis presented during the Rule 11 hearing, the content of the plea agreement, and the offense conduct described in the presentence report, we find no abuse of discretion by the magistrate judge in determining that there existed a factual basis for Mackey's plea to the conspiracy charge. *See United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008) ("[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs."); *see also United States v. Edmonds*, 679 F.3d 169, 174 (4th Cir.) (providing that "'fronting' of drugs indicates conspiracy to engage in drug trafficking beyond the immediate distribution transaction, as the consignment implies a credit agreement that looks to further transactions to secure

income to complete the original transaction"), *vacated on other grounds*, 568 U.S. 803 (2012). We further conclude that the magistrate judge fully complied with Rule 11 in accepting Mackey's guilty plea, that the plea was knowing and voluntary, and supported by an adequate factual basis. Thus, the plea is valid and enforceable. Accordingly, we affirm Mackey's convictions.

Mackey contends that his attorney provided ineffective assistance by failing to properly advise him of the elements of the conspiracy offense and failing to challenge the establishment of a factual basis. We generally do not address claims of ineffective assistance on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). Instead, to allow for adequate development of the record, such claims should be raised in a motion brought under 28 U.S.C. § 2255. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). An exception exists where "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the record before us does not conclusively establish ineffective assistance of counsel, we conclude that Mackey's claim should be raised, if at all, in a § 2255 motion.

Mackey also seeks to challenge his sentence, contending that the district court erred by not affording him credit for time served and that the sentence was unreasonable. The Government contends that Mackey waived his right to appeal his sentence. We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the

defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

The magistrate judge conducted a thorough, careful plea hearing and ascertained that Mackey discussed the plea agreement with his attorney and that he understood its provisions, and the magistrate judge specifically confirmed with Mackey that he waived the right to appeal his sentence. Accordingly, the "totality of the circumstances" reflects that Mackey knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (internal quotation marks omitted). While the record indicates that Mackey should receive credit for nine months of time served, his remedy lies with the Bureau of Prisons. We conclude that the waiver is valid and enforceable and that Mackey's challenges to his sentence fall squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss Mackey's appeal from his sentence. We otherwise affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*